UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X

Jane Doe,

        *Plaintiff*,                                                  No. 1:24-cv-07977-JSV

        v.

SEAN COMBS, DADDY'S HOUSE RECORDINGS INC.,
CE OPCO, LLC d/b/a COMBS GLOBAL f/k/a
COMBS ENTERPRISES LLC, BAD BOY
ENTERTAINMENT HOLDINGS, INC.,
BAD BOY PRODUCTIONS HOLDINGS, INC.,
BAD BOY BOOKS HOLDINGS, INC., BAD BOY
RECORDS LLC, BAD BOY ENTERTAINMENT LLC,
BAD BOY PRODUCTIONS LLC, ORGANIZATIONAL
DOES 1-10, and INDIVIDUAL DOES 1-10,

        *Defendants*.

--------------------------------------------------------X

**MEMORANDUM OF LAW IN OPPOSITION TO**
**THE COMBS DEFENDANTS' MOTION TO DISMISS**

Plaintiff JANE DOE ("Plaintiff"), by and through her undersigned counsel Curis Law PLLC, hereby files this Memorandum of Law in Opposition to Defendants motion to dismiss Plaintiff's Complaint pursuant to § 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP"). For the reasons set forth herein, the instant motion should be denied.

**PRELIMINARY STATEMENT**

Over Memorial Day Weekend in 2014, Plaintiff was raped by Defendant Sean Combs after being drugged at an afterparty in Las Vegas. Defendants Sean Combs, Daddy's House Recordings Inc., CE OpCo, LLC d/b/a Combs Global f/k/a Combs Enterprises LLC, Bad Boy

Entertainment Holdings, Inc., Bad Boy Productions Holdings, Inc., Bad Boy Books Holdings, Inc., Bad Boy Entertainment LLC, and Bad Boy Productions LLC (the "Combs Defendants" and, exclusive of Sean Combs, the "Corporate Defendants") move to dismiss Plaintiff's amended complaint (Dkt. 1) on two grounds. First, the Combs Defendants assert that Plaintiff's claim is untimely under CPLR 202 (New York's "borrowing statute") and New York's one-year statute of limitations for battery. Second, the Combs Defendants assert that the allegations of the Complaint fail as to the Company Defendants, who cannot be liable on a theory of vicarious liability under Nevada or New York law. Defendants' arguments are misplaced and the Motion must be denied.

## FACTUAL BACKGROUND

Defendant Combs' infamous Las Vegas parties were legendary events known for their exclusivity, extravagance, and celebrity guest lists. These parties attracted A-list celebrities from across the entertainment, fashion, and business worlds. The events were lavishly decorated, featured live music performances, and included top-tier food and beverages. The opulent and luxurious nature of the Combs parties often made headlines for the celebrity guest lists, over-the-top entertainment and other stunning aesthetics of the event. Many unsuspecting individuals were recruited to attend these parties, with some individuals being recruited from various cities and paid to fly in to attend these functions.

During Memorial Day Weekend of 2014, Plaintiff and two of her friends visited Las Vegas to stay at the Hotel Rio. While there, Plaintiff contacted various people she'd met in the entertainment industry in order to find out of any "cool" events would be taking place. One such person that Plaintiff contacted was an entertainer who identified himself only as "International Smoove," who Plaintiff had met a few years prior at a party in Miami. Plaintiff was never able to

obtain the legal name of International Smoove, but Plaintiff was subsequently able to connect on Instagram where International Smoove goes by the same moniker.

Plaintiff became aware that International Smoove was in Las Vegas based on his Instagram stories. After contacting International Smoove, Plaintiff discovered that International Smoove worked for Combs as a party promoter. International Smoove invited Plaintiff to an exclusive party at Las Vegas's popular poolside lounge called "Club Rehab."

International Smoove made it clear that this gathering was an exclusive party and that Plaintiff's two friends were not invited. Only Plaintiff was invited. Despite having some awkwardness with this prohibition, Plaintiff was encouraged by her friends to attend the party. Plaintiff decided to attend the party to potentially network with the influential people there.

While at the party, Plaintiff met numerous celebrities. Among those that Plaintiff met were Mary J. Blige, Lil' Kim, and Nicki Minaj. Plaintiff took pictures or videos with many celebrities and posted them to her private Instagram page. Plaintiff was also introduced to Combs, who greeted her and said he hoped she had a lot of fun at the party.

As the party at Club Rehab died down, Plaintiff was invited by International Smoove to an afterparty at Combs' suite at the Planet Hollywood hotel. While there, Plaintiff spoke to Combs again and he directed her to a bar area with tens of dozens of open bottles of his Ciroc-branded vodka. Combs directed Plaintiff to grab a bottle and help herself. Plaintiff also took videos at that time of Combs at the party, and posted those photographs to her Instagram account.

Plaintiff did as was suggested by Combs. She took a few sips of what she thought to be vodka from one of the open bottles. However, after approximately 40 minutes and having consumed 1-2 drinks from the Ciroc bottle, Plaintiff began to feel ill. She was nauseous, dizzy, and slowly began losing control of her motor function.

Plaintiff informed International Smoove that she did not feel well, and that she would likely need to leave the party soon. International Smoove directed her to an empty bedroom in the suite and told her to lie down in the bedroom until Plaintiff felt better. International Smoove told Plaintiff not to worry, as the door to the bedroom would be locked.

The next recollection Plaintiff has is waking up the following morning feeling groggy and sore. Her entire body was in pain, and Plaintiff felt it difficult to move. As soon as she awoke, she saw Combs in the corner of the room. He was shirtless and yelling loudly at someone over the phone. He was the only person in the room with her, and it was clear that someone else had been in the bed with her.

Plaintiff was afraid and confused. She remained silent and still until Combs left the room and she hear the front door to the suite close. Plaintiff then got up and realized she was naked. Her general soreness was more localized to her genital area. Plaintiff was horrified to realize that Combs had raped her. She located her belongings and made her way back to Hotel Rio where her friends were staying.

Upon arrival at Hotel Rio, Plaintiff's friends were shocked to see the state she was in. They wanted to help her and they tried to do so. Plaintiff indicated to them that all she wanted to do was take a shower and get some rest.

Following the above events, Plaintiff slept for two entire days. She remembers vague glimpses of her friends trying to wake her up and offer her water. Afterwards, Plaintiff's friends told her they did their best to take care of her during this time, but that Plaintiff was largely incoherent.

Following the above assault by Combs, Plaintiff has struggled with intense emotional pain and mental health issues. Her personal life has been damaged greatly as the result of the actions engaged in by Combs.

## STANDARD OF REVIEW

When deciding a motion to dismiss pursuant to Rule 12(b)(6), "[t]he appropriate inquiry is not whether a plaintiff is likely to prevail, but whether the plaintiff is entitled to offer evidence to support her claims." *Palkovic v. Johnson*, U.S. App. LEXIS 12600, *5 (2d Cir. Jun. 13, 2008). Therefore, in considering Defendant's motion to dismiss, the Court must accept as true all of the factual allegations in the Complaint and draw all inferences in Plaintiff's favor. *Rolon v. Henneman*, 517 F.3d 140, 142 (2d Cir. 2008). Further, the Court's task is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof. *Leavitt v. Bear Sterns & Co.*, 340 F.3d 94, 101 (2d Cir. 2007).

## ARGUMENT

**A.     This Action is Timely**

Defendants assert that New York's "borrowing statute," CPLR section 202, applies here and that New York's one-year statute of limitations for battery is correctly viewed as the applicable New York state limitations period to apply.  Plaintiff does not contest that CPLR section 202 applies.  However, Defendants have mischaracterized Plaintiff's claim as one merely for "battery," and so they fail to apprehend the applicable New York statute of limitation that should apply for purposes of CPLR section 202.

Plaintiff's claim arises under Nevada law because Nevada was the site of Combs' sexual assault of Plaintiff.  Her claim is not merely for battery *but for sexual battery*.  Dkt. 1 at ¶¶ 35-59. Nevada Senate Bill 129 recognized the unique nature of sexual abuse and assault, eliminating

entirely the statute of limitations for claims arising from sexual assault – which is *not* the case for simple "battery."

The New York correlate statute of limitation likewise is not simple battery governed by CPLR 215(3). Rather, the New York correlate statute of limitation is CPLR 213-c governing actions by victims of "conduct constituting certain sexual offenses." *See* CPLR § 213-c. That statute of limitation provides for a period of twenty years in which to bring an action. *Id.* Plaintiff here was drugged (and therefore incapable of giving consent) and thereafter raped by defendant Combs. Accordingly, her claim falls within CPLR 213-c, and under CPLR 202, the shorter Florida statute of limitation applies – which, at four years, means that this action was timely filed as the events occurred in 2022 and Plaintiff's complaint was filed in 2024.

**B.  The Corporate Defendants Should Not Be Dismissed**

Beyond that, Defendants' argument that the complaint fails to allege any basis for the corporate defendants' liability ignores numerous well-pleaded allegations that the Combs Businesses existed and were run by Combs for the purpose of allowing him to commit the type of sexual assault described in the complaint. Moreover, it is simply too early to conclude that the corporate defendants have no potential liability here. Finally, this argument, in any event, does not apply to Defendant Combs, who cannot and should not be dismissed under any of Defendants' arguments.

The Combs Defendants argue that the allegations against the Company Defendants are not specific enough under Rule 8. On a motion to dismiss, the Court's analysis of the plaintiff's claims is limited to the four corners of the pleading, the allegations of which are given liberal construction and accepted as true. *See Johnson v. Proskauer Rose LLP*, 129 A.D.3d 59 (1st Dept. 2015). As such, when considering a motion to dismiss a complaint, the sole criterion is whether the pleading

states a cause of action, and if, from the complaint's four corners, factual allegations are discerned which, taken together, manifest any cause of action cognizable at law, motion for dismissal will fail. *See Pacific Carlton Development Corp. v. 752 Pacific, LLC*, 62 A.D.3d 677 (2nd Dept. 2009); *Ruffino v. New York City Transit Authority*, 55 A.D.3d 817 (2nd Dept. 2008); *see Sheridan v. Carter*, 48 A.D.3d 444 (2nd Dept. 2008); *Operative Cake Corp. v. Nassour*, 21 A.D.3d 1020 (2nd Dept. 2005).

Accordingly, on a motion to dismiss, a court should not resolve the merits of a claim by making factual determinations. *See T. Lemme Mechanical, Inc., v. Schalmont Cent. School Dist.*, 52 A.D.3d 1006 (3rd Dept. 2008). It is not the function of the Court to evaluate the merits of a case. *See Carbillano v. Ross*, 108 A.D.2d 776 (2nd Dept. 1985). Whether a plaintiff can ultimately establish her allegations is not part of the calculus in determining a motion to dismiss. *See Farber v. Breslin*, 47 A.D.3d 873 (2nd Dept. 2008). Rather, on a motion to dismiss, it is the trial court's duty to determine whether upon any rational construction of the evidence, trier of facts could find for plaintiff, and not to weigh proof. *See Choi v. Mann*, 104 A.D.2d 354 (2nd Dept. 1984). On a motion to dismiss for failure to state cause of action, any fact that can be fairly implied from the pleadings will be deemed alleged. *See L. Magarian & Co., Inc., v. Timberland Co.*, 245 A.D.2d 69 (1st Dept. 1997).

A pleading attacked for insufficiency must be accorded a liberal construction, and if it states, in some recognizable form, any cause of action known to law, it cannot be dismissed. *See Schlackman v. Robin S. Weingast & Associates, Inc.*, 18 A.D.3d 729 (2nd Dept. 2005). If any portion of any cause of action is sufficient, it should not be dismissed on motion. *See Lacks v. Lacks*, 12 N.Y.2d 268 (1963); *Napoli v. St. Peter's Hospital of Brooklyn*, 213 N.Y.S.2d 6 (1961). When a cause of action may be discerned, no matter how poorly stated, the complaint

should not be dismissed for failure to state cause of action. *See L. Magarian & Co., Inc., v. Timberland Co.*, 245 A.D.2d 69 (1st Dept. 1997).

Indeed, to survive a motion to dismiss for failure to state a cause of action, a pleading need only state allegations from which damages attributable to the named defendants conduct may reasonably be inferred. *See Fielding v. Kupferman*, 65 A.D.3d 437 (1st Dept. 2009). A motion to dismiss for failure to state a cause of action is available only where dispute pertains to law, not facts. *See Abrams v. Richmond County S.P.C.*, 125 Misc.2d 530 (1984); *New York State AFL-CIO v. Stimmel*, 105 Misc.2d 545 (1980).

The Complaint pleads in detail that Defendant Combs used the various companies he controlled for purposes of accomplishing his ulterior motives of sexual exploitation and assault. Complaint ¶¶ 2-10, 20, 24-30. It is premature at this juncture to grant defendants' motion as discovery has not yet commenced and the Company Defendants have yet to even answer the Complaint. Discovery may reveal that one or more of Combs' companies sponsored or was otherwise involved with the event Plaintiff attended, as was the case with so many of the events defendant Combs attended. It is significant to note that the information that plaintiff seeks is within the exclusive knowledge of defendants and can only conclusively be ascertained through discovery and party depositions. In *Morris v. Goldstein*, 223 A.D. 2d 582 (2nd Dept. 1996), the Court held that defendant was not entitled to summary judgment since information concerning defendant's relationship with the defendant was within the exclusive knowledge of defendants and further disclosure was necessary.

Further, the Amended Complaint pleads that the Corporate Defendants created the conditions by which Combs could pursue his tortious conduct. Generally, negligent hiring, retention, and supervision claims "require allegations that an employer knew of its employee's

harmful propensities, that it failed to take necessary action, and that this failure caused damage to others." *See Bumpus v. New York City Transit Authority*, 47 A.D.3d 653 (2d Dept. 2008). However, New York Courts, including the Court of Appeals, have held that a defendant may be held liable for creating the circumstances which lead to abuse, regardless of whether a defendant had prior notice of a perpetrator's abusive propensity. *See Bell v Bd. Of Educ.*, 90 N.Y.2d 944, 947 (1997), holding ("[t]he criminal intervention of third parties may, however, be a reasonably foreseeable consequence of circumstances created by the defendant." *See also John Doe v. Fulton School Dist.*, 35 A.D.3d 1194, 1195 (4th Dept. 2006) (holding that a jury could find that the injury to the plaintiff's son was a reasonably foreseeable consequence of the defendant district's failure to provide adequate supervision, even in the absence of notice of a prior sexual assault); *Coon v. Board of Educ.*, 160 A.D.2d 403, 403 (1st Dept. 1990) ("[t]he duty of a school district to supervise is unqualified and mandatory. Where duty to supervise is mandatory, notice is not an issue."); *Gonzalez v. Mackler*, 19 A.D.2d 229, 231 (1st Dept. 1963) (holding that even in the absence of allegations that there had been prior notice, issues of fact existed concerning whether the occurrence was proximately caused by the "omission to supply supervision").

Although an employer cannot be held vicariously liable "for torts committed by an employee who is acting solely for personal motives unrelated to the furtherance of the employer's business,' the employer may still be held liable under theories of negligent hiring, retention, and supervision of the employee…The employer's negligence lies in having 'placed the employee in a position to cause foreseeable harm, harm which would most probably have been spared the injured party had the employer take reasonable care in making decisions respecting the hiring and retention' of the employee." *Johansmeyer v. New York City Dept. of Ed.*, 165 A.D.3d 634 (2d Dept. 2018) (internal citations omitted). Here, the allegations of the Amended Complaint show a

possibility that the Company Defendants may be liable for, at minimum, a failure to supervise. Defendants' motion must therefore be denied.

## CONCLUSION

For the reasons stated herein, Plaintiff respectfully requests that this Court deny Defendants Motion to Dismiss in its entirety.

Dated: April 29, 2025

                                           Respectfully submitted,

                                           **CURIS LAW, PLLC**

                                           By: _/s/ Antigone Curis_

                                           **CURIS LAW, PLLC**
                                           Antigone Curis
                                           antigone@curislaw.com
                                           52 Duane Street, 7th Floor
                                           New York, New York 10007
                                           Phone: (646) 335-7220
                                           Facsimile: (315) 660-2610

                                           _Attorneys for Plaintiff Jane Doe_