UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
                                   :

JANE DOE,                                 :

                    Plaintiff,   :

                                 :            24-CV-7977 (VSB)

          - against -       :

                                 :        __OPINION & ORDER__

SEAN COMBS, *et al.*,        :

                                 :

                 Defendants.  :

                                 :
--------------------------------------------------------X

<u>Appearances</u>:

Antigone Curis
Merson Law PLLC
New York, NY

David Fortney
The Buzbee Law Firm
Houston, TX
*Counsel for Plaintiff*

Erica Ashley Wolff
Mark Elliot Cuccaro
Michael Tremonte
Raphael Asher Friedman
Sher Tremonte LLP
New York, NY
*Counsel for Defendants*

<u>VERNON S. BRODERICK, United States District Judge</u>:

       In this action, Plaintiff alleges that Defendant Sean Combs and possibly one or more of

his associates raped her during a 2014 party in Las Vegas.  On November 4, 2024, I provisionally

granted Plaintiff leave to proceed anonymously pending Defendants' appearance.  Before me is

Plaintiff's renewed motion for leave to proceed anonymously, which Defendants oppose.

Because I find that the prejudice to Defendants of Plaintiff proceeding anonymously and the

public's interest in monitoring proceedings about a public figure outweigh Plaintiff's interest in proceeding anonymously, the motion is DENIED.

## I.    **Background**[1]

Defendant Sean Combs is a celebrity "rapper, record producer and record executive[;] . . . one of the wealthiest musical artists in the world[;]" and currently on trial in this District for sex trafficking offenses.  (Doc. 1 ("Compl.") ¶ 3.)  *See also United States v. Combs*, No. 24-CR-542 (S.D.N.Y. filed Sept. 12, 2024).

Over Memorial Day weekend in 2014, Plaintiff and two of her friends visited Las Vegas. (Compl. ¶ 36.)  A party promoter named "International Smoove" working for Defendant Combs invited Plaintiff "to an exclusive party at Las Vegas's popular poolside lounge called 'Club Rehab.'"  (*Id.* ¶¶ 36–38.)  The promoter told Plaintiff that her friends could not attend the party with her, so Plaintiff went alone.  (*Id.*)

After "the party at Club Rehab died down," the promoter invited Plaintiff to an afterparty in Combs's hotel suite.  (*Id.* ¶ 42.)  There, Combs told Plaintiff to "help herself" to any of the tens of open bottles of vodka in the bar area.  (*Id.*)  About "40 minutes" and "1-2 drinks" later, at approximately 8:00 p.m., Plaintiff "began to feel nauseated and dizzy."  (*Id.* ¶¶ 43–44.)  She told the promoter she did not feel well and would need to leave soon, and the promoter told her to lie down in an empty bedroom of the suite, reassuring Plaintiff that the door would be locked.  (*Id.*) The complaint includes an image of "an actual exemplary container used by Combs and/or his

---

[1] I draw the factual allegations from Plaintiff's complaint, (Doc. 1), and assume the truth of the allegations for purposes of the present motion.  Nothing in this Opinion & Order should be construed as a factual finding.

agents/employees to insert GHB[2] into alcoholic drinks," but does not explicitly allege that Plaintiff consumed a drink laced with GHB.  (*Id*. ¶ 43.)

"The next thing Plaintiff recalls is waking up" in the morning to Combs standing shirtless in the corner of the bedroom talking on the phone.  (*Id*. ¶ 45.)  Plaintiff was naked, "felt very groggy and sore," and "it was clear that someone else had been in the bed with her."  (*Id*.)  Upon leaving the suite, Plaintiff realized she had been raped, and spent two days in bed recovering; her friends later told her she was "largely incoherent" during this time period.  (*Id*. ¶ 49.)  Plaintiff alleges that "[i]n the aftermath of the assault, [she] struggled with intense emotional pain and mental health issues, feeling disgusted and deeply depressed."  (*Id*. ¶ 50.)  "Plaintiff has experienced a significant impact on her personal life; she struggles to maintain relationships or be in party atmospheres due to the assault."  (*Id*. ¶ 51.)  "Not a day goes by for Plaintiff without thinking of the traumatic incident."  (*Id*. ¶ 52.)

Plaintiff initiated this action on October 20, 2024 by filing a complaint under the pseudonym "Jane Doe."  (*See* Compl.)  The complaint asserted a Nevada-law claim for battery against Combs and a Nevada-law claim for false imprisonment against Combs, various business entities purportedly controlled by Combs, and any unknown individuals involved in the alleged assault.  (*See id*.)

On October 24, 2024, Plaintiff sought leave to proceed anonymously.  (*See* Docs. 20–23.) I provisionally granted Plaintiff's motion on November 4, 2024 pending Defendants' appearance. (*See* Doc. 24.)  Attorneys for certain Defendants appeared on January 10, 22, and 23, 2025.  On January 13, 2025, Plaintiff filed a renewed motion for leave to proceed anonymously, (Doc. 29),

---

[2] GHB stands for "Gamma-Hydroxybutyric acid," a drug that has the "ability to increase libido, suggestibility, passivity, and to cause amnesia (no memory of events while under the influence of the substance) — traits that make victims vulnerable to sexual assault and other criminal acts."  U.S. Drug Enf't Admin., Drug Fact Sheet: GHB (Apr. 2020), https://perma.cc/W2LH-BF32.

along with a supporting declaration, (Doc. 30 ("Buzbee Decl.")), and memorandum of law, (Doc. 31 ("Mem.")).[3]  On March 11, 2025, Defendants filed a memorandum of law in opposition to the motion for leave to proceed anonymously.  (Doc. 50 ("Opp'n").)

## II.    Legal Standard

Federal Rule of Civil Procedure 10(a) states that a complaint's title "must name all the parties."  This identification requirement "serves the vital purpose of facilitating public scrutiny of judicial proceedings and therefore cannot be set aside lightly."  *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 188–89 (2d Cir. 2008).  Courts enforce the requirement because "'[t]he people have a right to know who is using their courts.'"  *Id*. at 189 (quoting *Doe v. Blue Cross & Blue Shield United of Wis.*, 112 F.3d 869, 872 (7th Cir. 1997)).

A party may nevertheless seek leave of court "to proceed anonymously . . . under a pseudonym in certain circumstances."  *Sealed Plaintiff*, 537 F.3d at 189 (collecting cases).  In considering a request to proceed anonymously, a court must "weigh 'the plaintiff's interest in anonymity' against 'both the public interest in disclosure and any prejudice to the defendant.'"  *United States v. Pilcher*, 950 F.3d 39, 42 (2d Cir. 2020) (quoting *Sealed Plaintiff*, 537 F.3d at 189).  Specifically, ten "non-exhaustive" factors to be considered are:

> (1) whether the litigation involves matters that are highly sensitive and of a personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or even more critically, to innocent non-parties; (3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity; (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure particularly in light of his [or her] age; (5) whether the suit is challenging the actions of the government or that of private parties; (6) whether the defendant is prejudiced by allowing the plaintiff to press his [or her] claims anonymously, whether the nature of the prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court; (7) whether the plaintiff's identity

---

[3] On March 20, 2025 I granted Anthony Buzbee's motion to withdraw as an attorney of record in this case.  (Doc. 55.)

has thus far been kept confidential; (8) whether the public's interest in the litigation
is furthered by requiring the plaintiff to disclose his identity; (9) whether,
because of the purely legal nature of the issues presented or otherwise, there is an atypically
weak public interest in knowing the litigants' identities; and (10) whether there are
any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Id*. (quoting *Sealed Plaintiff*, 537 F.3d at 189–90).  The decision is ultimately within a district

court's "discretion."  *Sealed Plaintiff*, 537 F.3d at 190.

### III.    <u>Discussion</u>

Weighing the factors, I conclude that Plaintiff has not shown that her interest in

proceeding anonymously outweighs the public's interest in disclosure of her identity and the

prejudice Defendants would face if leave to proceed anonymously under a pseudonym were

granted.

Before examining the factors in detail, I note that Plaintiff's attorneys Antigone Curis

and/or David Fortney are involved in at least twenty-one separate actions in this District against

Defendants.  Several recent decisions have therefore evaluated similar motions for leave to

proceed anonymously.  *See Doe v. Combs*, No. 24-CV-8054, 2024 WL 4635309 (S.D.N.Y. Oct.

30, 2024) (denying motion), *reconsideration denied*, 2024 WL 4753565 (S.D.N.Y. Nov. 12,

2024) ("*Combs I*"); *Doe v. Combs*, No. 24-CV-7975, 2024 WL 5220449, at *3 (S.D.N.Y. Dec.

26, 2024) ("*Combs II*") (granting motion "at [an] exceedingly early stage in [the] case," and

noting that "the Court intends to revisit this decision at a future date"); *Doe v. Combs*, No. 24-

CV-8810, 2025 WL 268515 (S.D.N.Y. Jan. 22, 2025) ("*Combs III*") (denying motion); *Doe v.

Combs*, No. 24-CV-7777, 2025 WL 722790 (S.D.N.Y. Mar. 6, 2025) ("*Combs IV*") (denying

motion); *Doe v. Combs*, No. 24-CV-7778, 2025 WL 934358 (S.D.N.Y. Mar. 27, 2025) ("*Combs

V*") (denying motion); *Doe v. Combs*, No. 24-CV-9852, 2025 WL 934380 (S.D.N.Y. Mar. 27,

2025) ("*Combs VI*") (denying motion); *Doe v. Combs*, No. 24-CV-8852, 2025 WL 950685

(S.D.N.Y. Mar. 28, 2025) ("*Combs VII*") (denying motion).  I consider these decisions in evaluating Plaintiff's request.

### A.    *Plaintiff's Interests*

First, I consider the factors relating to Plaintiff's interest in proceeding anonymously. There is no question that "the litigation involves matters that are highly sensitive and of a personal nature", *Sealed Plaintiff*, 537 F.3d at 190 (cleaned up), because Plaintiff alleges that Defendant Combs and/or his associates raped her at a party.  It is also undisputed that Plaintiff's "identity has thus far been kept confidential."  *Id*. (citation omitted).  These factors therefore weigh in Plaintiff's favor.  *See, e.g.*, *Combs III*, 2025 WL 268515, at *2 (finding that the highly-sensitive and confidential-identity factors favored plaintiff's use of a pseudonym); *Combs IV*, 2025 WL 722790, at *2–3 (same); *Combs VI*, 2025 WL 934380, at *2 (same).

With regard to the "harms" that "identification presents," *Sealed Plaintiff*, 537 F.3d at 190, Plaintiff states that following the 2014 assault, she has "struggled with intense emotional pain and mental health issues, feeling disgusted and deeply depressed," (Compl. ¶ 50). Defendants' alleged assault also caused "a significant impact on [Plaintiff's] personal life," as she "struggles to maintain relationships or be in party atmospheres," and thinks about the assault every day.  (*Id*. ¶ 51.)  Courts recognize that "sexual assault often has long-term, devastating consequences for victims," *Combs III*, 2025 WL 268515, at *2, and that disclosing a victim's identity in litigation may pose risks to a victim's "already fragile mental health," *Combs II*, 2024 WL 5220449, at *2 (internal quotation marks omitted).  However, "[a] claim by an adult plaintiff to have been the victim of sexual abuse and to have suffered physical or psychological damage as a result, [even if] accompanied by sufficient facts to support that claim, is not enough to entitle a plaintiff to proceed anonymously."  *Doe 1 v. Branca USA, Inc.,* 2022 WL 2713543, at *2 (S.D.N.Y. July 13, 2022).  "Were it otherwise, virtually all claims of adult sexual assaults would

6

*ipso facto* proceed anonymously." *Id*. Courts therefore require "particularized evidence that disclosure will cause injury" that goes beyond the "generalized harm[s]" that are "applicable to all victims of sexual assault," such as "support from a medical professional, or [comparable] evidence, to corroborate [a] claim that disclosure would cause [] psychological injury." *Combs III*, 2025 WL 268515, at *3 (citing, *inter alia*, *Doe v. Weinstein*, 484 F. Supp. 3d 90, 95 (S.D.N.Y. 2020)). For example, in *Combs II*, Judge Analisa Torres granted a motion to proceed anonymously against Combs based in part on the plaintiff's assertion in her complaint that she suffered a "seizure disorder associated with the stress of her sexual assault." 2024 WL 5220449, at *2. Here, Plaintiff's assertion that disclosure of her identity "could spark more trauma," (Mem. 6), without more, is simply too "conclusory" for this factor to favor disclosure, *Combs III*, 2025 WL 268515, at *3. *Accord Combs IV*, 2025 WL 722790, at *3 (finding that plaintiff's claims only consisted of generalized allegations); *Combs V*, 2025 WL 934358, at *3; *Combs VI*, 2025 WL 934380, at *3; *Combs VII*, 2025 WL 950685, at *3.

Plaintiff also asserts that Defendants or their associates have threatened "[n]early all of the victims [of Defendant Combs] represented by Plaintiff's counsel's firm . . . or their loved ones" with retribution of some kind if the victims disclose their assaults. (Mem. 5.) Plaintiff therefore believes "[t]here is a significant risk here of physical harm to Plaintiff that cannot be ignored." (*Id*. at 6.) While "risk of retaliatory physical or mental harm" to Plaintiff or non-parties is a factor favoring anonymity, *Sealed Plaintiff*, 537 F.3d at 190, these assertions do not establish that Defendant Combs or anyone else in fact ever threatened Plaintiff or her loved ones. *Cf. Combs III*, 2025 WL 268515, at *3 ("[T]he plaintiff has not stated whether he—rather than unspecified others—experienced any such threats."); *Combs VII*, 2025 WL 950685, at *4 (same). "[A] plaintiff must articulate more than speculative risks of harm to proceed anonymously."

*Combs III*, 2025 WL 268515, at *3 (internal quotation marks omitted). Indeed, even in cases where Defendant Combs is alleged to have threatened the victim after an assault, courts have found this factor to weigh against the victim proceeding anonymously without specific allegations to substantiate the threat. *See, e.g.*, *Combs IV*, 2025 WL 722790, at *2; *Combs V*, 2025 WL 934358, at *3; *Combs VI*, 2025 WL 934380, at *3. This factor weighs against proceeding anonymously.

With regard to whether Plaintiff is especially "vulnerable to the possible harms of disclosure particularly in light of [her] age," *Sealed Plaintiff*, 537 F.3d at 190 (internal quotation marks omitted), Plaintiff was an adult at the time of the 2014 assault, and "has not identified any other characteristic that would make [her] particularly vulnerable," *Combs III*, 2025 WL 268515, at *4. This factor therefore weighs against granting leave to proceed anonymously. *See, e.g.*, *id.*, *Combs IV*, 2025 WL 722790, at *3.

### B.    Prejudice to Defendants and Alternative Measures

In evaluating "whether the defendant is prejudiced by allowing the plaintiff to press her claims anonymously . . . 'courts look at the damage to a defendant's reputation caused by the anonymous proceeding, the difficulties in discovery, as well as at the fundamental fairness of proceeding in this manner.'" *Combs IV*, 2025 WL 722790, at *3 (quoting *EW v. New York Blood Ctr.*, 213 F.R.D. 108, 112 (E.D.N.Y. 2003)). As Judge Mary Kay Vyskocil observed in *Combs I*, granting Plaintiff leave to proceed anonymously creates a fundamental "'asymmetry' between the parties." 2024 WL 4635309, at *5 (quoting *Rapp v. Fowler*, 537 F. Supp. 3d 521, 531 (S.D.N.Y. 2021)); *accord Combs III*, 2025 WL 268515, at *4 (noting the "disadvantage" a plaintiff would face); *Combs IV*, 2025 WL 722790, at *3; *Combs V*, 2025 WL 934358, at *5. This is because—given Defendant Combs's high profile and the public interest in these civil sexual-assault cases against him—concealing Plaintiff's identity would mean that "persons with

8

information about Plaintiff or her allegations that would be helpful to the defense likely would have no way of knowing to come forward," and "damaging information about only" Defendants would be "aired through the litigation."  *Combs I*, 2024 WL 4635309, at *5 (internal quotation marks omitted).  Plaintiff's proposal for her counsel to "confidentially disclose [Plaintiff's] name to counsel for Defendants," (Mem. 2), does not remedy these imbalances.  *See, e.g.*, *Combs I*, 2024 WL 4635309, at *5 ("Plaintiff's counsel 'confidentially' disclosing Plaintiff's name to defense counsel would not obviate the potential prejudice to Defendants."); *Combs VII*, 2025 WL 950685, at *6 (confidential disclosure to defense counsel "is insufficient to resolve the prejudice concerns") .  During discovery, moreover, Plaintiff "can seek less drastic remedies than blanket anonymity, such as redactions to protect particularly sensitive information, or a protective order."  *Combs III*, 2025 WL 268515, at *5 (quoting *Weinstein*, 484 F. Supp. 3d at 97–98).  Accordingly, the factors relating to the prejudice to Defendants and the availability of alternative mechanisms to protect Plaintiff's interest in confidentiality weigh against granting leave to proceed anonymously.

### C.    The Public's Interest

The *Sealed Plaintiff* factors relating to "the public's interest in the litigation" include "whether [that interest] is furthered by requiring the plaintiff to disclose his identity" and "whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities."  537 F.3d at 190.  "This is not a case that involves 'abstract challenges to public policies, but rather particular actions and incidents.'"  *Combs I*, 2024 WL 4635309, at *6 (quoting *N. Jersey Media Grp. Inc. v. Doe Nos. 1-5*, 2012 WL 5899331, at *8 (S.D.N.Y. Nov. 26, 2012)) (cleaned up).  In addition to the public's general "interest in enforcing legal and social norms" and "knowing the underlying facts of a litigation, . . . [h]ere the public's interest is magnified because the plaintiff has made [her]

allegations against a public figure." *Combs VII*, 2025 WL 950685, at *4–5 (internal quotation marks omitted).  These considerations weigh against granting leave to proceed anonymously.

The fact that this case involves allegations that a public figure committed sexual assault raises additional considerations.  On the one hand, "the public generally has a strong interest in protecting the identities of sexual assault victims so that other victims will not be deterred from reporting such crimes." *Combs V*, 2025 WL 934358, at *4 (quoting *Doe No. 2 v. Kolko*, 242 F.R.D. 193, 195 (E.D.N.Y. 2006)) (cleaned up).  Indeed, in many cases, "sexual assault victims are a paradigmatic example of those entitled to a grant of anonymity." *Kolko*, 242 F.R.D. at 195 (citing *Blue Cross,* 112 F.3d at 872).  On the other hand, "furthering this interest does not require 'maintaining the anonymity of *every* person who alleges sexual assault or other misconduct of a highly personal nature," *Combs III*, 2025 WL 268515, at *4 (quoting *Rapp*, 537 F. Supp. 3d at 533), because "there is a concomitant public interest in allowing the accused publicly to confront the accuser," *Combs I*, 2024 WL 4635309, at *6 (internal quotation marks omitted).  On balance, I agree with the majority of Courts in this District to conclude the public's interest in Plaintiff's identity weighs against granting leave to proceed anonymously against Defendant Combs and his co-defendants, *see Combs I*, 2024 WL 4635309, at *6; *Combs III*, 2025 WL 268515, at *4–5; *Combs VII*, 2025 WL 950685, at *4–5, recognizing that the nature of Plaintiff's allegations somewhat weaken that interest, *Combs IV*, 2025 WL 722790, at *4 (finding the eighth *Sealed Plaintiff* factor to be neutral); *Combs V*, 2025 WL 934358, at *4 (finding the public-interest factors can "weigh[] in both directions"); *Combs VI*, 2025 WL 934380, at *4 ("The Public-Interest Factors Cut Both Ways.").

The factor pertaining to "whether the suit is challenging the actions of the government or that of private parties," *Sealed Plaintiff*, 537 F.3d at 190, also "in some manner account[s] for the

public interest," *Combs VII*, 2025 WL 950685, at *5.  It weighs against granting leave to proceed anonymously here because Defendants are private parties.  *See id*.; *see also, e.g.*, *Combs I*, 2024 WL 4635309, at *4; *Combs IV*, 2025 WL 722790, at *3.

**IV.    Conclusion**

The prejudice to Defendants of Plaintiff proceeding anonymously and the public's interest in monitoring proceedings about a public figure outweigh Plaintiff's interest in proceeding under a pseudonym in a case relating to her sexual assault.  Plaintiff failed to show specific threats or harms she would face that would strengthen her interest in proceeding anonymously.

In light of the foregoing, Plaintiff's motion for leave to proceed anonymously is DENIED.  It is hereby:

ORDERED that Plaintiff shall file a deanonymized version of the complaint no later than May 20, 2025.

IT IS FURTHER ORDERED that no later than May 30, 2025, Defendants shall indicate either in a short letter or in their reply brief whether they renew their pending Motion to Dismiss as to Plaintiff's amended, deanonymized complaint.

The Clerk of Court is respectfully directed to terminate the pending motion at Doc. 29.

SO ORDERED.

Dated: May 13, 2025
        New York, New York

_____
Vernon S. Broderick
United States District Judge