UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SHAREKA SHERROD,

                        Plaintiff,

- against -

SEAN COMBS, DADDY'S HOUSE RECORDINGS INC., CE OPCO, LLC d/b/a COMBS GLOBAL f/k/a/ COMBS ENTERPRISES LLC, BAD BOY ENTERTAINMENT HOLDINGS, INC., BAD BOY PRODUCTIONS HOLDINGS, INC., BAD BOY BOOKS HOLDINGS, INC., BAD BOY RECORDS LLC, BAD BOY ENTERTAINMENT LLC, BAD BOY PRODUCTIONS LLC, ORGANIZATIONAL DOES 1-10, AND INDIVIDUAL DOES 1-10.

                        Defendants.

Case No. 24-cv-07977 (VSB)

**ORAL ARGUMENT REQUESTED**

---

# REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION TO DISMISS THE AMENDED COMPLAINT AGAINST <u>THE COMBS DEFENDANTS</u>

SHER TREMONTE LLP
90 Broad St., 23rd Floor
New York, New York 10004
(212) 202-2600
*Attorneys for Defendants Sean Combs, Daddy's House Recordings Inc., CEOpCo, LLC d/b/a Combs Global) f/k/a Combs Enterprises, LLC, Bad Boy Entertainment Holdings, Inc., Bad Boy Productions Holdings, Inc., Bad Boy Books Holdings, Inc., Bad Boy Entertainment LLC, and Bad Boy Productions LLC*

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................................ ii

PRELIMINARY STATEMENT ......................................................................................................... 1

ARGUMENT ........................................................................................................................................ 2

I.    PLAINTIFF'S CLAIMS ARE UNTIMELY UNDER THE APPLICABLE NEW YORK STATUTE OF LIMITATIONS ................................................................ 2

    A.    CPLR § 213-c Does Not Apply Retroactively to Save Plaintiff's Untimely Claims ................................................................................................................. 2

    B.    CPLR § 213-c Does Not Apply to a Nonresident's Claims Regarding Conduct Occurring Outside of New York ................................................................. 3

II.    PLAINTIFF FAILS TO STATE A CLAIM AGAINST THE COMPANY DEFENDANTS ........................................................................................................... 6

CONCLUSION ..................................................................................................................................... 8

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Adorno v. Corr. Servs. Corp.*,
 312 F. Supp. 2d 505 (S.D.N.Y. 2004) ............................................................................................ 7

*Ashcroft v. Iqbal*,
 556 U.S. 662 (2009) ........................................................................................................................ 6

*Bell Atl. Corp. v. Twombly*,
 550 U.S. 544 (2007) ........................................................................................................................ 6

*Bridgewater v. Taylor*,
 745 F. Supp. 2d 355 (S.D.N.Y. 2010) ............................................................................................ 8

*Bussey v. Phillips*,
 419 F. Supp. 2d 569 (S.D.N.Y. 2006) ............................................................................................ 8

*C.Q. v. Est. of Rockefeller*,
 No. 20-cv-2205 (VSB), 2021 WL 4942802 (S.D.N.Y. Oct. 21, 2021) ..................................... 7

*Calamari v. Panos*,
 131 A.D.3d 1088 (2d Dep't 2015) ................................................................................................ 8

*Carroll v. Trump*,
 650 F. Supp. 3d 213 (S.D.N.Y. 2023) ....................................................................................... 3, 4

*Cavanaugh v. Northwell H., Inc.*,
 21-CV-1381 (EK)(ARL), 2025 WL 904314 (E.D.N.Y. Mar. 24, 2025) ................................. 7

*Cronin v. Hertz Corp.*,
 818 F.2d 1064 (2d Cir.1987) .......................................................................................................... 7

*DeCastro v. Las Vegas Metro. Police Dep't*,
 2024 WL 4189939 (D. Nev. Sept. 12, 2024) ............................................................................... 7

*Dillon v. Victory Vill. 2004, LLC*,
 130 Nev. 1171 (2014) ..................................................................................................................... 7

*DiPizio v. Empire State Dev. Corp.*,
 745 Fed. App'x 385 ......................................................................................................................... 6

*Doe v. Alsaud*,
 12 F. Supp. 3d 674 (S.D.N.Y. 2014) ............................................................................................ 7

*Doe v. Maier*,
 CV 18-4956 (SJF) (AKT), 2020 WL 9812927 (E.D.N.Y. Mar. 24, 2020) ............................. 3

*Goshen v. Mut. Life Ins. Co. of New York*,
    286 A.D.2d 229 (1st Dep't 2001) .................................................................................... 3, 4

*Greer v. Fox Corp.*,
    No. 20-CV-5484-LTS-SDA, 2022 WL 4093155 (S.D.N.Y. Sept. 7, 2022) ............................ 8

*Hernandez v. Tabilangan*,
    No. 2:19-CV-1528 JCM (DJA), 2022 WL 22883684 (D. Nev. Aug. 10, 2022) ...................... 6

*Mata v. Omnivere*,
    No. 156238/2019, 2021 WL 722846 n.4 (Sup. Ct. N.Y. Cnty. Feb. 11, 2021) ........................ 3

*Podany v. Robertson Stephens, Inc.*,
    350 F. Supp. 2d 375 (S.D.N.Y. 2004) ..................................................................................... 8

*Reid v. McKelvey*,
    22-CV-10708 (JGLC) (OTW), 2024 WL 4345585 (S.D.N.Y. Sept. 30, 2024) .................. 4, 6

*S. H. v. Diocese of Brooklyn*,
    205 A.D.3d 180 (2d Dep't 2022) .......................................................................................... 4, 5

*Samuel W. v. United Synagogue of Conservative Judaism*,
    219 A.D.3d 421 (1st Dep't 2023) ............................................................................................. 4

*Taylor v. Becket*,
    No. 2:13-cv-02199-APG-VCF, 2017 WL 44943 (D. Nev. Jan 3, 2017) ................................. 7

**Statutes**

Nev. Rev. Stat. § 11.190(4)(e) .......................................................................................................... 8

**Rules**

CPLR § 202 .................................................................................................................................. 1, 2

CPLR § 213(c) ....................................................................................................................... passim

CPLR § 215(3) .................................................................................................................................. 2

**Other Authorities**

New York Bill Jacket 2006 S.B. 8441 ............................................................................................. 5

New York Bill Jacket 2019 S.B. 6574 ......................................................................................... 3, 5

Vincent C. Alexander, Practice Commentaries, McKinney's Cons. Laws of NY, 2024
    Electronic Update, CPLR § 213-c ........................................................................................ 3

This reply memorandum of law is respectfully submitted on behalf of the Combs Defendants[1] in further support of their motion to dismiss the Complaint. This motion to dismiss was initially filed against the Complaint (ECF #1), which was amended for the sole purpose of disclosing Plaintiff's name following the denial of her motion to proceed under a pseudonym. See ECF #64 ("Amended Complaint" or "AC"). The Combs Defendants respectfully request that the Court apply this pending motion to dismiss to the otherwise identical Amended Complaint.

## PRELIMINARY STATEMENT

As demonstrated in the Combs Defendants' initial brief, Plaintiff's sole claim fails as a matter of law. Plaintiff's efforts in her opposition brief (ECF #61, "Opposition" or "Opp.") to refute these arguments entirely fail.

Plaintiff's claims—for battery and false imprisonment—are time barred. As mandated by CPLR § 202, New York's one-year statute of limitations for intentional torts must be applied, under which these claims are untimely. This claim is not subject to CPLR § 213-c's extended statute of limitations because that statute cannot be applied retroactively to claims that predate its enactment in 2019, and the alleged conduct here occurred in 2014. Moreover, CPLR § 213-c does not apply to nonresidents, like Plaintiff, alleging sexual misconduct that occurred outside of New York.

Moreover, even if Plaintiff's claim was timely (it is not), Plaintiff has utterly failed to plead a basis to hold any of the Company Defendants liable for the alleged assault. Nor is Plaintiff entitled to discovery to hunt for a claim against the Company Defendants that could pass muster at the pleading stage.

---

[1] Abbreviations defined in the initial moving brief (ECF # 49, "MOL") are used again herein.

1

For these reasons, the Amended Complaint should be dismissed in its entirety against the Combs Defendants.

## ARGUMENT

I. **PLAINTIFF'S CLAIMS ARE UNTIMELY UNDER THE APPLICABLE NEW YORK STATUTE OF LIMITATIONS**

The parties agree that under CPLR § 202, the applicable statute of limitations is the <u>shorter</u> of New York's or Nevada's limitations period. *See* Opp. at 5.[2] This means that New York's one-year statute of limitations for intentional torts governs. *See* CPLR § 215(3); MOL at 3-4. The only misconduct alleged in the Amended Complaint occurred during the Memorial Day weekend of 2014. *See* AC ¶ 36. Accordingly, Plaintiff's claim expired in May 2015, long before this case was filed in October 2024.

Plaintiff's contention that her claim is saved by CPLR § 213(c), which extends the statute of limitations for certain civil actions relating to criminal sexual offenses, fails for two independent reasons. First, even if this statute were applicable here, it only provides a five-year statute of limitations as of the date of the alleged incident, under which Plaintiff's claims would still be untimely. Second, CPLR § 213(c) does not apply at all here because Plaintiff's claims are brought by a nonresident alleging conduct occurring outside of New York.

    A. **CPLR § 213-c Does Not Apply Retroactively to Save Plaintiff's Untimely Claims**

CPLR § 213-c does not save Plaintiff's claims because it cannot be applied retroactively. When originally enacted in 2006, CPLR § 213-c provided a five-year statute of limitations for alleged victims of sexual crimes to file a civil action against the alleged perpetrator of the crime. *See* Vincent C. Alexander, Practice Commentaries, McKinney's Cons. Laws of NY, 2024

---

[2] The Opposition contains a reference to Florida's statute of limitations that appears to be erroneously copied from briefing for another case. *See* Opp. at 6.

Electronic Update, CPLR § 213-c. Effective September 18, 2019, the New York Legislature amended CPLR § 213-c to extend the statute of limitations to from five years to twenty years. *See Carroll v. Trump*, 650 F. Supp. 3d 213, 220 (S.D.N.Y. 2023).

This extension, however, "applied only with respect to claims arising from 'acts or omissions occurring on or after [the] effective date' of the statute, September 18, 2019." *Id.* (quoting New Bill Jacket, 2019 S.B. 6574 § 4); *see also Doe v. Maier*, CV 18-4956 (SJF) (AKT), 2020 WL 9812927, at *11 (E.D.N.Y. Mar. 24, 2020) (explaining that "the Court will not retroactively apply the recently extended 20-year statute of limitations" to conduct that allegedly occurred prior to the enactment of the amendment); *Mata v. Omnivere*, No. 156238/2019, 2021 WL 722846, at *6 n.4 (Sup. Ct. N.Y. Cnty. Feb. 11, 2021) (rejecting application of twenty-year statute of limitations where "the assault is alleged to have occurred prior to the effective date of the amendment"). Here, the conduct alleged in the Amended Complaint occurred in May 2014, long before the September 2019 amendment. Thus, even if CPLR § 213-c applied at all, it would only provide a five-year statute of limitations, rendering Plaintiff's claim untimely in May 2019, long before this action was filed. Accordingly, Plaintiff's time-barred claims are not revived by CPLR § 213-c and must therefore be dismissed.

### B. CPLR § 213-c Does Not Apply to a Nonresident's Claims Regarding Conduct Occurring Outside of New York

Moreover, CPLR § 213-c does not apply at all here because it has no extraterritorial application outside of New York. It is a "settled rule of statutory interpretation, that unless expressly stated otherwise, no legislation is presumed to be intended to operate outside the territorial jurisdiction of the state . . . enacting it." *Goshen v. Mut. Life Ins. Co. of New York*, 286 A.D.2d 229, 230 (1st Dep't 2001) (quotation marks and citation omitted). For this reason, the Appellate Division has limited the reach of the Child Victims Act (the "CVA")—which similarly

3

extends the normal limitations period for claims based on conduct constituting a New York sex crime—to cases where either the victim is a resident of New York or the alleged conduct occurred in New York. *See S. H. v. Diocese of Brooklyn*, 205 A.D.3d 180, 190 (2d Dep't 2022) ("CPLR 214-g [the Child Victim's Act] does not apply extraterritorially, where the plaintiff is a nonresident, and the alleged acts of sexual abuse were perpetrated by a nonresident outside of New York."); *Samuel W. v. United Synagogue of Conservative Judaism*, 219 A.D.3d 421, 422 (1st Dep't 2023) (following *S.H.* and finding that CVA applied only because "plaintiff was a New York resident at the time the action accrued"); *see also Reid v. McKelvey*, 22-CV-10708 (JGLC) (OTW), 2024 WL 4345585, at *3 (S.D.N.Y. Sept. 30, 2024) ("CPLR 214-g does not apply extraterritorially . . . to the limited extent that courts have applied the CVA to instances of sexual assault that occurred outside of New York, they have done so only when both the perpetrator and the victim were New York residents at the time of the assault.") (quotation marks and citation omitted). CPLR § 213-c, like the CVA, does not "expressly state[]" that it was intended to apply extraterritorially, and thus it cannot. *Goshen*, 286 A.D.2d at 230. Therefore, the extended limitations period that CPLR § 213-c provides may only be invoked by plaintiffs who resided in New York or who were injured in New York.

The CVA, the Adult Survivor's Act (the "ASA"), and CPLR § 213-c all had the same legislative purpose and were intended to complement each other. *See Carroll v. Trump*, 650 F. Supp. 3d at 220 (quoting ASA's legislative history describing the bills enacting the CVA and amending CPLR § 213-c: "Both bills were predicated on the widespread recognition that New York's existing statutes of limitations were insufficient in giving survivors of these heinous crimes enough time to pursue justice . . ."); *see also id.* at 220 (stating that ASA's lookback window was passed because CPLR § 213-c's limitations period extension "did not fully solve the problem the

Legislature sought to address with respect to civil claims"). The overlapping legislative history and objectives between the CVA and CPLR § 213-c is further evidence that they were intended to have the same territorial restrictions.

The legislative history of CPLR § 213-c further supports a finding that the New York legislature only intended to extend the limitations period for cases that occur in, or involve residents of, New York State. One of the stated goals of this statute was to bring New York in line with other states that had more lenient statutes of limitation for cases involving sexual crimes. *See* New York Bill Jacket, 2006 S.B. 8441,[3] Ch. 3 (noting more lenient limitations periods for sexual crimes in "at least a dozen other states"); *see also* New York Bill Jacket, 2019 S.B. 6574,[4] Ch. 315 (noting that "[o]ver the last year, . . . states across the country are lengthening or eliminating the statutes of limitations on crimes of sexual violence," and that "this bill would increase the time period in which the victim could bring a civil suit for these offenses"). In other words, CPLR § 213-c was designed to afford New York residents and visitors protections available in other "states across the country," by extending New York's statute of limitations for certain sex crimes, in both criminal and civil contexts.

Here, Plaintiff does not and cannot plead that the alleged assault has the required connection to New York to render CPLR § 213-c applicable. Plaintiff alleges that she resides in Arizona. AC ¶ 23. The only sexual assault alleged in the Complaint occurred in Las Vegas, Nevada. *Id.* ¶¶ 35-50. Accordingly, the alleged conduct does not fall within the territorial reach of CPLR § 213-c. *See S. H. v. Diocese of Brooklyn*, 205 A.D.3d 180, 190 (CVA did not extend

---

[3]    This bill initially enacted CPLR § 213-c in 2006.

[4]    This bill introduced the 2019 Amendment which extended CPLR § 213-c's extension of the civil limitations period from 5 years to 20 years.

limitations period for Florida resident alleging sexual assault in Florida); *Reid*, 2024 WL 4345585 at *3 (similar).

## II.   PLAINTIFF FAILS TO STATE A CLAIM AGAINST THE COMPANY DEFENDANTS

Even if Plaintiff's false imprisonment claim were not time-barred (it is), Plaintiff has not alleged any facts that could support holding the Company Defendants liable for Mr. Combs' alleged commission of this intentional tort. The Opposition does not attempt to refute that both New York and Nevada law do not permit vicarious liability for the type of sexual misconduct alleged in the Complaint. *See* MOL at 2; *see also Hernandez v. Tabilangan*, No. 2:19-CV-1528 JCM (DJA), 2022 WL 22883684, at *4 (D. Nev. Aug. 10, 2022) (no respondeat liability against employer because "grabbing a co-worker's buttocks or engaging in nonconsensual, sexually explicit verbal abuse with a co-worker is not conduct of the kind that [employee] was hired to perform"). Nor does Plaintiff deny that the Complaint lumps all of the Company Defendants together without pleading any specific acts attributable to specific defendants. *See* MOL at 6.

Plaintiff offers in response the conclusory statement that Mr. Combs "used the various companies he controlled for purposes of accomplishing his ulterior motives of sexual exploitation and assault." Opp. at 6. This argument fails because the Complaint does not allege any concrete facts indicating that any Company Defendant was involved in any way in the alleged assault. *See Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) ("labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do"); *DiPizio v. Empire State Dev. Corp.*, 745 Fed. App'x 385 (granting 12(b)(6) motion after "[s]tripping away the complaint's 'conclusory statements'—none of which are entitled to an assumption of truth") (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Moreover, even if it were factually supported by any allegations (it is not), the contention

that Mr. Combs abused his authority at the Company Defendants to facilitate an assault would still not render them liable for his acts outside the scope of their business. *See C.Q. v. Est. of Rockefeller*, No. 20-cv-2205 (VSB), 2021 WL 4942802, at *2-4 (S.D.N.Y. Oct. 21, 2021) (employee's misuse of employer's apartment to engage in sexual abuse could not be imputed to employer); *Dillon v. Victory Vill. 2004, LLC*, 130 Nev. 1171 (2014) (no employer liability for maintenance worker's sexual assault at apartment complex workplace "even if they were committed while he was on-duty").

Plaintiff also incorrectly suggests that the Company Defendants could be liable for an intentional tort under a negligent hiring or supervision theory. *See* Opp. At 8-9. But negligence is not a basis for holding a company liable for an employee's intentional tort. *See Adorno v. Corr. Servs. Corp.*, 312 F. Supp. 2d 505, 517 (S.D.N.Y. 2004) (noting higher "scope of employment" standard for vicarious liability for an intentional tort, as distinguished from negligence) (citing *Cronin v. Hertz Corp.*, 818 F.2d 1064, 1068 (2d Cir.1987)); *Doe v. Alsaud*, 12 F. Supp. 3d 674, 678 (S.D.N.Y. 2014) (same); *DeCastro v. Las Vegas Metro. Police Dep't*, 2024 WL 4189939, at *22 (D. Nev. Sept. 12, 2024) (officer's intentional use of force could not support attempt to impute a negligence claim against his employer because "negligence and intent are mutually exclusive grounds for liability"). Nor have any facts been alleged that could support an (unpled) negligent hiring claim.[5] First, the alleged sexual assault of a non-employee off-premises was neither foreseeable nor preventable by the Company Defendants. *See* MOL at 8. Second, under both New York and Nevada law, a negligent hiring claim would be time barred. *See Taylor v. Becket*, No.

---

[5] Courts do not "rewrite" complaints for represented plaintiffs. *Cavanaugh v. Northwell H., Inc.*, 21-CV-1381 (EK)(ARL), 2025 WL 904314, at * 9 (E.D.N.Y. Mar. 24, 2025) (dismissing claim where plaintiff named a single cause of action, but argued "in her briefing" that she intended a second, unpled, cause of action based on only "glancing references" in the complaint because, *inter alia*, plaintiff was "represented, and thus not entitled to a liberal construction of her pleading").

2:13-cv-02199-APG-VCF, 2017 WL 44943, at *4 (D. Nev. Jan 3, 2017) ("The limitations period for . . . negligent hiring, retention, and supervision is two years.") (citing Nev. Rev. Stat. § 11.190(4)(e)); *Calamari v. Panos*, 131 A.D.3d 1088, 1090 (2d Dep't 2015) ("The statute of limitations applicable to causes of action alleging negligent hiring and negligent supervision is three years."). The assault is alleged to have occurred in 2014, and the Complaint was not filed until October 20, 2024; accordingly, any such negligence claim would be untimely even if it had been pled (it was not).

Plaintiff's only other argument is that he should be permitted to conduct discovery to hunt for a valid claim against the Company Defendants. Opp. at 8. This argument fails. "A plaintiff does not have a right to engage in early discovery in order to bolster his arguments at the motion to dismiss stage." *Greer v. Fox Corp.*, No. 20-CV-5484-LTS-SDA, 2022 WL 4093155, at *6 (S.D.N.Y. Sept. 7, 2022); *see also Bridgewater v. Taylor*, 745 F. Supp. 2d 355, 358 (S.D.N.Y. 2010) ("allowing the plaintiff to conduct discovery in order to piece together a claim would undermine the purpose of Federal Rule of Civil Procedure 12(b)(6), which is to streamline litigation by dispensing with needless discovery and factfinding where the plaintiff has failed to state a claim under the law") (quotation marks omitted); *Bussey v. Phillips*, 419 F. Supp. 2d 569, 591-92 (S.D.N.Y. 2006) ("To the extent that [plaintiff] is arguing that additional discovery would allow him to amend his complaint to state a viable claim, the Court is similarly unpersuaded . . . discovery is not intended to be a fishing expedition.") (quotation marks omitted); *Podany v. Robertson Stephens, Inc.*, 350 F. Supp. 2d 375, 378 (S.D.N.Y. 2004) ("discovery is authorized solely for parties to develop the facts in a lawsuit in which a plaintiff has stated a legally cognizable claim, not in order to permit a plaintiff to find out whether he has such a claim").

## CONCLUSION

For the foregoing reasons, the Combs Defendants respectfully request that the Court issue

an order dismissing the Amended Complaint against them in its entirety with prejudice.

Dated: May 30, 2025
      New York, New York

Respectfully submitted,

SHER TREMONTE LLP

*/s/ Mark Cuccaro*
Mark Cuccaro
Michael Tremonte
Erica A. Wolff
Raphael A. Friedman
90 Broad Street, 23rd Floor
New York, NY 10004
(212) 202-2600
mcuccaro@shertremonte.com
mtremonte@shertremonte.com
ewolff@shertremonte.com
rfriedman@shertremonte.com
*Attorneys for Combs Defendants*

## **CERTIFICATION OF COMPLIANCE**

The undersigned counsel of record for the Combs Defendants certifies that the foregoing brief complies with the 3,500-word limit set forth in Rule 7.1(c) of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York. The foregoing brief contains 2,645 words, excluding those portions of the brief excluded from the count by Rule 7.1(c), according to the Word Count feature on Microsoft Word.

Dated:  May 30, 2025
         New York, New York

                                              Respectfully submitted,

                                              SHER TREMONTE LLP

                                      By:     */s/ Mark Cuccaro*
                                              Mark Cuccaro